

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 05, 2009**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| FIDELITY LAND COMPANY, | § § | CASE NO. 04-10772-CAG |
| Debtor. | § § | |

_____

| | | |
|---|---|---|
| C. DANIEL ROBERTS, | § | |
| as Trustee for Fidelity Land Company, | § | |
| Plaintiff | § § | |
| v. | § § | ADVERSARY NO. 04-1257 |
| | § | (Consolidating Advs. Nos. 04-1257, |
| LEXUS ENERGY GOLDSMITH JOINT | § | 041258, 04-1259, 04-1131, 04-1132, and |
| VENTURE, LEXUS ENERGY OSUDO | § | 04-1134) |
| NORTH JOINT VENTURE, LEXUS | § | |
| ENERGY FLYING "M" JOINT | § | |
| VENTURE, ROBERT B. PULLEN, SR., | § | |
| and KELLEY W. HOFFMAN, | § | |
| Defendants. | § | |

### ORDER GRANTING FIRST AMENDED MOTION
### OF DEFENDANT KELLY HOFFMAN FOR NEW TRIAL

On April 8, 2009, came on for hearing the First Amended Motion for New Trial (the

"Motion") filed on behalf of Defendant Kelly Hoffman ("Hoffman") in above-styled and numbered

consolidated adversary proceedings. The Plaintiff appeared and Defendant appeared through counsel and in person. The Court admitted certain documentary evidence, the Defendant's affidavit attached to the Motion, and his live testimony at the hearing. At the conclusion of the hearing the Court took the matter under advisement. After careful consideration of the evidence, the parties' arguments and the applicable authority, for the reasons set forth below the Court finds that the Motion should be granted, the judgment entered herein (the "Judgment") should be set aside with respect to any and all relief granted against Hoffman, the Court's Findings of Fact and Conclusions of Law in support of that Judgment amended accordingly, and a new trial set with respect to the Plaintiff's claims against Hoffman only.

In his Motion, Hoffman seeks relief under Federal Rule of Civil Procedure 60(b)(6)[1] from the Judgment entered by this Court against him and certain other defendants on November 25, 2008. As grounds, he asserts he did not receive adequate notice of the trial that resulted in the Judgment, and that the Judgment does not conform to the pleadings with respect to the relief granted against him. The Court finds the relevant facts, many of which are not disputed, to be as follows.

## THE FACTS

One or more of these consolidated adversary proceedings had been pending in this Court before the Honorable Frank R. Monroe since October 6, 2004. The record reflects that attorney Marvin Sprouse of the law firm of Jackson Walker filed an answer on behalf of Hoffman on

---

[1] Rule 60(b) is made applicable herein by Fed.R.Bankr.P. 9024. While Hoffman cites only Rule 60(b) generally in the Motion, in his Post-Hearing Brief in support he specifically relies on subsection (6) of Rule 60(b).

Hoffman also requested in the Motion, under Fed.R.Civ.P. 62 (made applicable herein by Fed.R.Bankr.P. 7062), a stay of execution of the judgment in this case, pending the Court's ruling on the Motion. The Plaintiff agreed at the conclusion of the hearing, however, to voluntarily forbear on executing against Hoffman and his assets pending the Court's ruling. Therefore, the Court need not rule on the request for a stay of execution of the Judgment.

September 20, 2006. Hoffman testified that his attorney was Larry Waks at that firm, and that he did not know Sprouse. On March 20, 2007, the Court issued a scheduling order in the case, setting a docket call for trial on August 7, 2007, at 1:30 p.m. That scheduling order was served by mail by the Clerk of the Court (through the Bankruptcy Noticing Center) on March 22, 2007, on Hoffman at "Jackson Walker c/o Lawrence Waks" at the same address that had been listed by Sprouse in Hoffman's answer.

Previously, on February 26, 2007, however, Sprouse had filed a motion requesting that Jackson Walker be given permission to withdraw from its representation of Hoffman. On March 28, 2007, the motion was amended to recite what matters were pending in the case, including the docket call that was set on August 7, 2007. Hoffman testified that he had in fact authorized Jackson Walker to withdraw. As then counsel for Hoffman, Sprouse also stated in the motion that a copy of the motion had been delivered to Hoffman at his last known address, and that that address was 8601 Ranch Road 2222, Building 3, Suite 120, Austin, Texas 78730. Hoffman testified at the hearing, however, that he did not reside at that address, and never had, and that he had never received a copy of the motion to withdraw. He testified that the RR 2222 address was the address of Varsity TV, a company of which he was the CEO, between 2000 and January of 2007. He testified that even during that period he never went to that address, and that he did not recall having mail forwarded to him at his home from Varsity's address. He did not deny that he knew that Jackson Walker was withdrawing, testifying that Waks had told him that after the firm's withdrawal "someone" would tell him when there would be a trial.

On April 18, 2007, the Court granted the motion to withdraw. Hoffman testified he had never seen that order. He was not represented again in the case until after the Judgment was entered.

3

On July 26, 2007, the Plaintiff filed a motion requesting a continuance of the docket call and requesting a pre-trial conference. The motion notes that the pre-trial conference was set for August 7, 2007, although the time was not stated. That motion states that it was served by the Plaintiff on Hoffman both at 8601 Ranch Road 2222, Building 3, Suite 120, Austin, Texas 78730, and at 2908 Popano Cove, Austin Texas 78746. Hoffman admitted in his testimony at the hearing that he resides at the Popano Cove address, and had for eleven years, and that he had kept his office there from January of 2004 to December of 2008. He also testified, however, that he did not recall ever having seen the motion for continuance. By order entered on August 1, 2007, the Court granted that motion, setting a pre-trial conference on August 8, 2007, at 9:30 a.m. and continuing the August 7th docket call, providing that it "will be reset at the pretrial conference." That order was served on Hoffman at the "Jackson Walker LLP, c/o Lawrence Waks" address, and at no other address. Hoffman testified that he had not received a copy of that order from Jackson Walker, and that in fact he had never seen it before.

On August 7, 2007, the Court called the case, then acknowledged that the docket call had been continued, and that the pretrial conference was set the next day. There ensued a short discussion with the Plaintiff, the only party appearing, regarding the status of the case and in particular regarding notice to Hoffman and the other pro se defendant, but no rulings or settings resulted from that proceeding.

The pretrial conference was held on August 8, 2007, but Hoffman did not appear. At the pretrial conference, the Court set a docket call on October 2, 2007, at 1:30.[2] The issue of notice to

---

[2] The docket sheet reflects that the actual setting of the trial did not occur until August 14, 2007, but the Court has reviewed the recording of the pretrial conference and confirmed that the Court orally announced the setting at the August 8, 2007 pretrial conference.

4

Hoffman was again discussed at the pretrial conference, with the Court inquiring as to what notice had been given and the Plaintiff responding that he had served Hoffman at both the address listed on the debtor's matrix on PACER, and at the address listed by Jackson Walker in its motion to withdraw. After announcing the date for the docket call, the Court addressed the Plaintiff and stated, "if you can send a notice to everybody that it will probably be set for trial then the following week, if anyone cares they can show up." The Plaintiff responded, "I think a–I will file a pretrial order prior to that date. I think the notice plus the pretrial order may scare some people out of the woodwork." The docket sheet does not show that any such notice was ever sent by the Plaintiff. None was sent by the Clerk, either.

On August 13, 2007, a Notice of Change of Address for Defendant, Kelly W. Hoffman, which was filed by Jackson Walker, was docketed.[3] Hoffman testified that he did not know if he had ever authorized Jackson Walker to file a change of address for him. The Notice provided a new address for Hoffman of 1406 Camp Craft Road, Austin, TX 78746, and asked that Jackson Walker be removed from the service list. The Notice of Change of Address reflects service on Hoffman at that same Camp Craft Road address. Hoffman testified he had never lived at that address and had never had an office there, but that it was defendant Pullen's office at one point and "eventually" became the address for the debtor, Fidelity Land Company. He testified that he was over there at various times, on and off, between 2000 and 2002.

---

[3] The docket sheet shows a file date of August 7. However, the text of the docket entry shows that it was not entered on the docket until August 13, 2007. Considering the fact that the certificate of service on the Notice shows a service date of August 13, 2007, it appears the August 7 filing date is an error.

On September 28, 2007, the Plaintiff filed a Joint Pretrial Order.[4] It contains no reference to the October 2, 2007, docket call. It does contain a certificate of service indicating that it was served it on that same day on Hoffman at the Camp Craft Road address. However, the Plaintiff subsequently filed a "Corrected Certificate of Service" in which he certified that in fact the Joint Pretrial Order was not served on Hoffman at that address; rather, it was sent to Hoffman on September 28, 2007, at the same addresses to which the Plaintiff sent his July 26, 2007 motion for continuance and for a pre-trial conference: 8601 Ranch Road 2222, Building 3, Suite 120 in Austin and at 2908 Popano Cove in Austin. Hoffman testified that while he was not aware of any problem in mail being delivered to his home on Popano Cove, he had never seen the Joint Pretrial Order before.

At the docket call on October 2, 2007, the Plaintiff appeared and Hoffman did not. The Court set a trial date of November 5, 2007. On that date, the Plaintiff and counsel for certain of the other defendants (the ones who joined with the Plaintiff in the Joint Pretrial Order), appeared. The Plaintiff called one witness and offered a number of exhibits, which were admitted, as evidence to support a judgment. At the conclusion of the trial, which lasted less than an hour and a half, the Court directed the Plaintiff to submit a proposed judgment and findings and conclusions of law in support thereof.

When no proposed judgment or findings and conclusions had been submitted by August 26, 2008, the Court entered an Order to Show Cause Why Case Should Not Be Dismissed, requiring that within ten days a proposed judgment and findings and conclusions be submitted or a response filed, or the case would be dismissed for the Plaintiff's failure to prosecute. A proposed judgment and

---

[4] Certain of the defendants, but not Hoffman, joined in that proposed pretrial order.

findings and conclusions was timely submitted to the Court by the Plaintiff by email, and after revisions by the Plaintiff and by the Court, the Judgment and Findings of Fact and Conclusions of Law were finally entered on November 25, 2008. The Judgment awarded the Plaintiff, among other things, recovery of $540,289.98 from Hoffman and Defendant Pullen, jointly and severally, for breach of fiduciary duty, for committing fraud and defalcation while acting as fiduciaries, and for wrongfully converting funds.

According to the Certificate of Mailing from the Bankruptcy Noticing Center, on November 27, 2008, copies were served by first class mail on Hoffman in care of Sprouse at Jackson Walker and at the Camp Craft Road address provided in the Notice of Change of Address. Hoffman testified in his affidavit, attached to the Motion for New Trial, that he was not aware of the entry of the Judgment until he received a letter dated December 9, 2008, from the Plaintiff, sometime during the week of December 14-20, 2008. He testified at the hearing, however, that he received a notice regarding the Judgment "at my house in late November."

Hoffman filed his Motion for New Trial on January 16, 2009, after he engaged his current counsel for that purpose.

## ANALYSIS AND DISCUSSION

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an

> earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Hoffman relies on Rule 60(b)(6), claiming two grounds for relief: that he had insufficient notice of the trial setting, and that the Judgment provides relief not sought in the Plaintiff's pleadings.

As Hoffman points out in his Post-Hearing Brief filed with respect to this matter, the Fifth Circuit Court of Appeals has established several factors that "should inform the [trial] court's consideration of a motion under Rule 60(b)." Those factors are:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)). These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments. *Id*.

In this case, it is clear that this motion is not being used as a substitute for an appeal. This is not a situation where Hoffman was present at the trial and aware of an adverse ruling from which he simply failed to take an appeal. Moreover, any argument Hoffman would have had on appeal of the Judgment, as one entered in his absence, would necessarily have presented exactly the same issue as is presented in his Motion for New Trial: the sufficiency of the notice of the trial. Whichever way that question is answered, Hoffman gains no advantage from presenting it to this Court rather than an appellate court.

As to the timeliness of the Motion, subsection (c) of Rule 60 requires that a motion under Rule 60(b)(6) be brought within a reasonable time after entry of the judgment. The Plaintiff has not challenged the timeliness of Hoffman's Motion for New Trial in this case. The Court finds that considering the intervening holidays, it was filed within a reasonable time after the entry of the Judgment.

Of paramount importance in this case is the fact that, although the Plaintiff offered evidence, the trial was conducted without Hoffman or any other adversary even being present. Therefore, to the extent the Court did not fully consider the merits, the trial was like a default in which there was no consideration of the merits. Thus, in this particular case, the interest in deciding cases on the merits outweighs the interest in the finality of judgments. With respect to whether Hoffman established that he has a meritorious defense to the relief granted in the Judgment, he argues that it is erroneous because it affords relief that is unsupported by the Plaintiff's pleadings. The Court need not decide the merits of that argument, however, because the Plaintiff has stipulated, solely for purposes of the Motion for New Trial, that Hoffman has a meritorious defense to the Plaintiff's claims.

The factor that is most contested in this case is whether Hoffman had a fair opportunity to present his claim or defense–i.e., whether he had adequate notice of the trial. This issue is a close one.

First, Hoffman's background and the history of the case bear on the issue. According to his testimony, Hoffman has not had significant experience in litigation. He testified that he had been sued only once before this case. It does not appear, therefore, that he was familiar with the trial process.

He also testified that, of the cases consolidated within this adversary proceeding, the first involving Hoffman started in 2002 in state court. Hoffman testified he thought he was added that same year. Much of the discovery in the case, including Hoffman's deposition, occurred before 2004, according to his testimony. In contrast, after his counsel withdrew in April of 2007, there was little activity. In fact, other than Hoffman's answer, the only docket activity after the Plaintiff filed his Repled Original Petition on August 8, 2005, and before the Scheduling Order was entered on March 20, 2007, involved the withdrawal of various counsel. After the withdrawal of Hoffman's own counsel in April of 2007, no other pleadings were filed, or action taken, until the Plaintiff moved for a continuance of the docket call and a pre-trial conference on July 26, 2007. In light of these considerable "lags" in activity, the Court is not convinced that it was unreasonable that Hoffman did not make inquiry as to the status of the case for significant periods of time.

The actions of the law firm that was Hoffman's former counsel, which were taken in connection with its withdrawal, contributed substantially to the problems with his receiving notice. The firm's motion to withdraw contained an erroneous address at which Hoffman could be served in the future, and that motion was served on Hoffman only at that same erroneous address. His uncontradicted testimony was that he was told by his former counsel that he did not need to retain new counsel immediately, that he could wait and act when he was notified that action was needed on his part. He also testified that he had expected that the Court (i.e., the Clerk) would contact him to let him know if and when the matter was set for trial. He did admit that he had not himself ever provided the Clerk with his real address, did not know whether Jackson Walker had provided it to the Court, and did not know how they would otherwise have gotten his address. Given Hoffman's lack of experience with litigation, it was not unreasonable that he would have expected his former lawyers to have handled that matter.

Two facts are particularly difficult to reconcile with Hoffman's argument that notice was insufficient. First, his former counsel was clearly aware of the docket call on August 7, 2007. The Plaintiff argues that the Court should assume that his attorney had informed Hoffman of that setting, and that Hoffman's failure to appear at that docket call and make inquiry was unreasonable. However, there is no evidence that Hoffman was ever told. Even if he had been so informed, this would have occurred so long before August 7, 2007 that it is not unreasonable that by that date he had forgotten, or believed the docket call setting had changed. In fact, Hoffman's former counsel's lack of accuracy in supplying a new address for Hoffman when it withdrew, and Hoffman's testimony that his lawyer had instructed him that he could expect to be informed of when he was required to appear or take action, support the reasonableness of Hoffman not relying on the August 7th date if he did recall it.

The second fact that weighs in favor of finding that Hoffman did have sufficient notice of the trial setting is that the Plaintiff served both his motion to continue the August 7th docket call and the Joint Pre-trial Order to an address that Hoffman admits was correct. He testified, however, that he did not recall having received either at that address. The weakness of that testimony is not lost upon the Court. However, considering it with all the other evidence that bears on all the factors to be considered, the Court finds that any question regarding Hoffman's credibility should be resolved in favor of granting a new trial, rather than denying one.

The Court also finds that there are no "intervening equities that would make it inequitable to grant relief," which is the seventh factor. This is not a case where the Plaintiff expended significant time and effort in trial that would all be for naught if Hoffman were granted a new trial. First, as described above, the trial was not a contested hearing and took less than an hour and a half. In addition, whether or not Hoffman receives a new trial, it will have resolved the Plaintiff's claims against Robert Pullen, and the claims of Lexus Energy Goldsmith Joint Ventures, Lexus Osudo

11

North Joint Venture, and Lexus Energy Flying M Joint Venture against the Debtor's bankruptcy estate. In summary, there is no evidence the Plaintiff would be damaged, other than being put to his proof, by requiring a new trial as to the claims against Hoffman.

Further, the Court is also to consider "any other factors relevant to the justice of the judgment under attack." Here, the Court finds that the size of the Judgment against Hoffman, $540,289.98, weighs heavily in favor of granting him a new trial.

Finally, the last two factors that the Fifth Circuit Court of Appeals has directed this Court to consider are that final judgments should not lightly be disturbed, and that Rule 60(b) should be liberally construed in order to achieve substantial justice. ***Seven Elves***, 635 F.2d at 402. Giving due consideration to the evidence in light of these overarching principles, the Court finds that, on balance, substantial justice in this case requires the setting aside of the final Judgment as to Hoffman, and granting him a new trial.

IT IS, THEREFORE, ORDERED that the Motion for New Trial shall be, and hereby is, GRANTED. The parties are ordered to confer and, after obtaining available trial dates from the Courtroom Deputy, present an agreed scheduling order to the Court or, if this is not possible, to request the Court to enter a scheduling order.

# # #

n:\wpdocs\a-orders\adversar.y\dismiss ftp no order after trial show cause.wpd